AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of      Delaware

UNITED STATES OF AMERICA

V.

Percy Skinner
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-30-2

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC §846.
  - ☐ under 18 U.S.C. § 924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence: Defendant did not oppose the government's motion for detention at this time, but reserved the right to revisit the issue at a later time which was granted. In addition to the non-opposition to the motion, the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community on the following bases:

1. Since defendant elected not to be interviewed by Pretrial Services, his background information cannot be confirmed. The court has no information regarding his family and residence. His criminal history file, which is substantial, indicates that he is 20 years old. Since defendant completed a financial affidavit, he claims that he is unemployed. Nothing is known regarding his physical & mental health or any substance abuse history.

2. What is known is defendant's significant criminal history which began at age 13. Between April 1998 and November 2001, defendant had 14 contacts with family Court for various offenses for which over half of the charges he was found delinquent. In 2002 when defendant was 16 years old, he pled guilty to possession of a narcotic substance (pled down from trafficking). He entered a guilty plea in 2003 at age 17 years for possession of a non-narcotic substance and was found in violation in 2004 for which an indefinite imprisonment was imposed. In August 2003 he was charged with assault in a detention facility (pled to assault 3rd). In 2006 he was convicted of possession of a narcotic which resulted in him violating probation. His term of imprisonment for this offense ends July 2006. When arrested for another drug offense, during the search of his vehicle, police found masks which defendant confirmed he was using to commit robbies. When the present federal drug offenses were committed defendant was on probation for numerous state offenses All of the above shows that defendant is a danger, is unable to abide by conditions of release and is graduating to more serious criminal offenses.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 3, 2006 | *Signature* |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).